J-S48031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DAVID ROLAND SNYDER, :
:
Appellant : No. 1894 WDA 2015

Appeal from the Judgment of Sentence October 22, 2015
in the Court of Common Pleas of Potter County,
Criminal Division, No(s): CP-53-CR-0000020-2011

BEFORE: BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 14, 2016**

David Roland Snyder ("Snyder") appeals from the judgment of

sentence entered following his conviction of four counts of delivery of a

controlled substance, two counts each of possession with intent to deliver a

controlled substance and criminal conspiracy, and one count of dealing in the

proceeds of unlawful activities.[1] Counsel for Snyder has filed a Petition to

withdraw from representation and a brief pursuant to **Anders v. California**,

386 U.S. 738 (1967). We grant counsel's Petition to withdraw, and affirm

the judgment of sentence.

In October 2011, following a two-day jury trial, Snyder was convicted

of the above-described offenses. On November 30, 2011, the trial court

sentenced Snyder to an aggregate prison term of 34-68 years, later modified

to 27-54 years. On direct appeal, this Court affirmed the judgment of

---

[1] 35 Pa.C.S.A. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903, 5111.

sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Snyder*, 83 A.3d 1079 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 87 A.3d 815 (Pa. 2014).

On March 23, 2015, Snyder filed a Petition for relief under the Post Conviction Relief Act.[2] Thereafter, the Commonwealth and Snyder filed a Joint Motion for Limited Grant of PCRA Relief by Stipulation and For Resentencing ("Stipulation"). In that Stipulation, the parties agreed that Snyder is entitled to resentencing based upon the United States Supreme Court's holding in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). The PCRA court granted Snyder's request for resentencing based upon *Alleyne*, and denied all other claims for relief. PCRA Order, 10/14/2015.

At resentencing, for his conviction of delivery of cocaine, the trial court sentenced Snyder to an aggregate prison term of 22 years, 9 months to 45 years, 6 months. Thereafter, Snyder filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before reviewing the claim raised by Snyder, we must first review defense counsel's *Anders* brief and Petition to withdraw.

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in [*Commonwealth v.*] *Santiago*[, 978 A.2d 349 (Pa. 2009)]. The brief must:

---

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 2007 PA Super 199, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Here, counsel's Petition to withdraw states that he has reviewed the record and concluded that the appeal is frivolous. Our review also discloses that in the *Anders* brief, counsel has provided the facts and procedural history of the case, referred to any facts that could arguably support the appeal, and counsel's conclusion that the appeal his wholly frivolous. Additionally, counsel notified Snyder that he was seeking permission to withdraw, furnished Snyder with copies of the Petition to withdraw and *Anders* brief, and advised Snyder of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's

attention. Accordingly, counsel has complied with the minimum requirements of **Anders**/**Santiago**.

As Snyder has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue raised in the **Anders** brief.

Snyder claims that the trial court sentenced him in violation of **Alleyne** and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), as the court "relied on facts not queried to the jury, specifically[,] the amount of drugs involved, in preparing the sentencing guidelines." **Anders** Brief at 1.

This Court has concluded that **Alleyne** does not impact the use of the sentencing enhancements, as sentencing guideline enhancements do "not bind the trial court to impose any particular sentencing floor." **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015); **accord Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*). Accordingly, Snyder's challenge to the sentencing guideline enhancements, based upon **Alleyne**, lacks merit, and his claim in this regard is wholly frivolous.

Finally, our independent review of the certified record reveals no preserved, non-frivolous issue that would arguably support this appeal. Therefore, we grant counsel's Petition to withdraw and affirm Snyder's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2016